Harleysville Insurance
355 Maple Avenue
Harleysville, PA 19438-2297

Tel. 800-523-6344
www.harleysvillegroup.com

# Harleysville.

*Good people to know*

January 4, 2010

**VIA REGULAR MAIL**

Ron Payne, Esquire
Long, Parker, Warren, Anderson & Payne
PO Box 7216
Asheville, NC 28802

> Re: Insured: **The Hammocks, LLC**
> Claim #: **SO-840619**
> Date of Loss: **3/19/2009**
> Policy #: **OF-3M2977**

Dear Attorney Payne:

As you know, the United States Bankruptcy Court for the Western District of North Carolina held a hearing on October 21, 2009 regarding Harleysville Mutual Insurance Company's (Harleysville) motion for relief from the automatic stay as it concerns Harleysville's intention to file a complaint against The Hammocks, LLC ("The Hammocks"). Through Harleysville's attorney, you were previously provided with a copy of the Complaint.

During the above proceedings, Attorney Gray made an argument that Harleysville had not denied the claim that Hammocks had made to Harleysville under the above-captioned policy. Although you and your client are and have been fully aware of Harleysville's position, we are sending this letter to you in an abundance of caution to make sure you and your client both understand what Harleysville's position is with respect to the policy that was issued to The Hammocks.

As is set forth in very clear detail within the Complaint, it is Harleysville's position that:

1. The policy at issue (Policy #OF-3M2977) is void ab initio and as such, was not in force for the loss claimed by The Hammocks;

2. The fire at issue was intentionally set and that the arson was designed to destroy the property at Richmond Hill Inn. It is also Harleysville's position that the fire was started by a party acting on behalf of The Hammocks. As such, there is no coverage for the claimed date of loss;

Ron Payne, Esquire
January 4, 2010
Page 2

3. Parties acting on behalf of The Hammocks made material misrepresentations both before the loss when the Hammocks obtained the policy, and after the loss during the presentation of the claim and proof of loss, as well as during the Examination Under Oath process and as such, the policy is void;

4. Parties acting on behalf of The Hammocks violated North Carolina law and as a result, there is no coverage under the policy; and

5. The loss in question is not covered under the terms of the policy as the loss is excluded. While certain sections of the Policy have been addressed to you and The Hammocks in earlier correspondence, as well as in the Declaratory Judgment Complaint, Harleysville will rely on the entire Policy to support its position that the loss that has been claimed is not covered under the Policy.

As you and your client know, and have known, Harleysville took and still takes the position that The Hammocks is not entitled to collect under this Policy for the reasons set forth above and more fully articulated in the Complaint for Declaratory Relief.

Very truly yours,

HARLEYSVILLE MUTUAL INSURANCE COMPANY

Robert Lockwood
Vice President and Sr. Claims Consultant

RL/mlw

cc:    David G. Gray, Esquire