Westlaw

Page 1

Not Reported in F.Supp.2d, 2007 WL 1434863 (M.D.N.C.)
**(Cite as: 2007 WL 1434863 (M.D.N.C.))**

Only the Westlaw citation is currently available.

United States District Court,
M.D. North Carolina.
Richard M. HUTSON, II, Chapter 11 Trustee for E-
Z Serve Convenience Stores, Inc., et al., Plaintiff,
v.
WMR CAPITAL CORP., Defendant.
**No. 1:06CV01036.**

May 11, 2007.

E-Z Serve Convenience Stores, Inc., pro se.

MEMORANDUM ORDER

TILLEY, District Judge.

**\*1** This matter is currently before the Court on Defendant WMR Capital Corp.'s Motion for Withdrawal of Reference to the United States Bankruptcy Court for the Middle District of North Carolina. [Doc. # 2]. For the reasons set forth below, the motion will be GRANTED.

I.

Plaintiff is the Chapter 11 Trustee for E-Z Serve Convenience Stores, Inc. Plaintiff filed an adversary proceeding against Defendant on October 4, 2004, for the purpose of attempting to recover certain alleged preferential transfers. [Doc. # 3, ex. 1]. Defendant, who had not filed a claim in the underlying bankruptcy case, filed its Answer to the adversary proceeding complaint and made a demand for trial by jury on November 5, 2004. [Doc. # 3, ex. 4]. The parties have completed discovery. [Doc. # 3, ex. 7-12]. On November 30, 2006, Defendant filed the instant motion seeking withdrawal of the automatic reference to the Bankruptcy Court in order to have the adversary proceeding decided by a jury in this Court. Plaintiff agrees that Defendant is

entitled to trial by jury in this adversary proceeding. [Doc. # 4].

The United States Supreme Court has held that the Seventh Amendment entitles a defendant in an adversary proceeding to a trial by jury when the defendant is sued by the bankruptcy trustee to recover an allegedly fraudulent transfer and the defendant had not previously submitted a claim against the bankruptcy estate. *Granfinanciera, S.E v. Nordberg,* 492 U.S. 33, 60 (1980); *Langenkamp v. Culp,* 498 U.S. 42, 44 (1990). In this matter, Plaintiff seeks to recover an allegedly fraudulent transfer and that Defendant had not previously submitted a claim against the bankruptcy estate. Therefore, Defendant is entitled to a trial by jury in this Court. *See In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 126 (explaining that where the defendant in an adversary proceeding is entitled to a trial by jury, the jury trial must be conducted in the district court because "bankruptcy judges are not authorized to conduct jury trials").FN1

> FN1. *Stansbury* was decided prior to a 1994 amendment to 28 U.S.C. § 157, which authorized bankruptcy judges to conduct jury trials in certain situations. Section 157(e) provides: "If the right to a jury trial applies in a proceeding ... the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). By filing this motion, it appears that Defendant does not consent to a jury trial in the bankruptcy court. Thus, § 157(e) does not apply.

II.

Defendant WMR Capital Corp.'s Motion for Withdrawal of Reference to the Bankruptcy Court for the Middle District of North Carolina [Doc. # 2] is

Page 2

Not Reported in F.Supp.2d, 2007 WL 1434863 (M.D.N.C.)
**(Cite as: 2007 WL 1434863 (M.D.N.C.))**

GRANTED and this matter is WITHDRAWN from
the Bankruptcy Court solely for the purpose of con-
ducting a jury trial.

M.D.N.C.,2007.
Hutson v. WMR Capital Corp.
Not Reported in F.Supp.2d, 2007 WL 1434863
(M.D.N.C.)

END OF DOCUMENT