# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv22

| | |
|---|---|
| THE HAMMOCKS, LLC, d/b/a )<br>Richmond Hill Inn, Debtor-in-possession, )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>HARLEYSVILLE MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>**Defendant.** )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss (#11). Having carefully considered defendant's Motion to Dismiss (#11) and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

### FINDINGS AND CONCLUSIONS

Defendants have moved to dismiss plaintiff's Second and Third Causes of Action, which are for "Bad Faith Refusal to Pay or Settle an Insurance Claim" and "Unfair or Deceptive Trade Acts," respectively. Plaintiff has essentially conceded the motion, but asked that the dismissal be without prejudice so that it may attempt to find facts that would support such claims through discovery. Plaintiff states that

1

> Not having had the opportunity to conduct discovery to further develop facts supporting these claims, the Plaintiff does not oppose dismissal of its second and third causes of action, without prejudice. The Plaintiff respectfully requests that the Court dismiss such claims without prejudice, to allow the Plaintiff to move to amend its Complaint and to allow the Court to decide such motion on the merits, in the event the Plaintiff develops facts further supporting such claims through discovery in this action.

Response (#15), at pp. 1-2. In reply, defendant points out that such statement fails to establish that at the time the claims were filed plaintiff had "a reasonable belief that such claims were well grounded in law and fact." Reply (#16), at p. 2. Defendant goes on to point out that plaintiff's suggestion that the dismissal be without prejudice and that it be allowed to conduct discovery that could lead to facts supporting its claim "was precisely what the United States Supreme Court prohibited in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." Id., at p. 3.

Defendant points out a number of problems with plaintiff's response. First, defendant contends the response does not satisfy the minimum requirements of a response as plaintiff has provided no citation to any rule or case law that would support its request that the dismissal be without prejudice, see Fed.R.Civ.P. 41, and further provides no citation or legal argument for the proposition that it be allowed to conduct discovery on a claim that is no longer contained in the Complaint. See Fed.R.Civ.P. 26(b) (scope of discovery). Further, defendant also contends that to

2

obtain a dismissal of a claim without prejudice, plaintiff would need to file a motion for such relief under Rule 41, Federal Rules of Civil Procedure, inasmuch as inclusion of motions in responsive briefs is specifically prohibited by Local Civil Rule 7.1(C)(2).

Defendant appears to be correct in its arguments inasmuch as plaintiff has conceded that it has failed to state a claim and that dismissal without prejudice would run contrary to current case law. By bringing the Second and Third Causes of action in this court,

> an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery
> \* \* \*

Fed.R.Civ.P. 11(b). Where, as here, defendant moves to dismiss under Rule 12(b)(6), a dismissal under that rule is, unless the district court specifically holds otherwise, a dismissal with prejudice as made clear by Rule 41(b), which provides in relevant part

3

as follows:

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). Thus, it is within the sound discretion of the district court to determine whether the a dismissal under Rule 12(b)(6) is with or without prejudice. Payne v. Brake, 439 F.3d 198, 204 (4th Cir.2006).

> A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion.

Carter v. Norfolk Community Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985).

The undersigned has, therefore, reviewed the response to determine whether plaintiff has provided the court with a reasonable basis for dismissing the claims without prejudice. First, plaintiff states that it has not "had the opportunity to conduct discovery to further develop facts supporting these claims . . . ." Response (#15), at p. 1. Under Rule 11(b)(3), plaintiff was obligated, however, to inform the defendant and the court in its Complaint that the facts it alleged in support of its claims were on information and belief: "the factual contentions have evidentiary support or, *if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed.R.Civ.P. 11(b)(3). Review of both the Second and Third Causes of Action reveals that no such

4

reservation was made.  The court has also looked to the text of the response and can find no forecast of evidence that plaintiff believes it will likely uncover during the discovery process that would make its claims plausible.  Finally, looking to the nature of the causes of action, claims for unfair insurance settlement practices and unfair and deceptive trade practices both have as elements bad-faith dealing, which typically requires some overt bad act.  Factual allegations of those bad acts are not alleged in the Complaint.

      The court has also considered the impact of plaintiff's request on efficient court administration. The courts, the public, and the parties have a keen interest in avoiding piecemeal litigation; were the court to allow the dismissal to be without prejudice, there is a possibility that piecemeal litigation could result.  In <u>Kerr v. United States District Court for Northern District of Cal.</u>, 426 U.S. 394, 403, (1976), the Supreme Court held that "particularly in an era of excessively crowded lower court dockets, it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation."  <u>Id.</u>  If the court were to dismiss the claims without prejudice, there is no guarantee that plaintiff would ever reassert such claims, leaving such claims open for litigation at a later date - - perhaps in another forum - - calling into question any judgment rendered in this case.  The public clearly has an interest in not only the contract of insurance underlying this action being resolved, but in not having

5

to litigate related claims at different times.

This final consideration informs the undersigned's ultimate recommendation, as dismissal without prejudice does not appear necessary to provide plaintiff with the safety net it seeks. First, it is well settled that a dismissal with prejudice under Rule 12(b)(6) operates as a final adjudication on the merits of those claims. Conley v. Aetna Life Ins. Co., 2000 WL 554056, 2 (5th Cir. 2000)("It is well-established that a dismissal with prejudice operates as a final adjudication upon the merits from which a plaintiff may appeal.") Second, Rule 60(b) would allow plaintiff an opportunity, upon motion made within one year, see Fed.R.Civ.P. 60(c)(1), to have the Order dismissing its claims with prejudice set aside upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered . . ." Prior to the entry of the Order dismissing such claims. Fed.R.Civ.P. 60(b)(2). Thus, Rule 60(b) would provide plaintiff with a mechanism for obtaining relief if it discovers evidence that could plausibly support its claims, while at the same time providing the court, the public, and defendant with assurance that piecemeal litigation will be avoided. On the other hand, plaintiff will be put to the task of showing why it could not have discovered such evidence with due diligence prior to entry of the Order dismissing the claim. Rule 60(b), thus, provides plaintiff with the relief its seeks, while remaining true to the requirements of Twombly and Iqbal, infra, in which the

6

court clearly intended to curtail pleading implausible claims.

When defendant filed its Motion to Dismiss, plaintiff's had three options. It could respond to the motion, unilaterally amend its Complaint to eliminate the claims, or it could have dismissed the action without prejudice. A substantive response was not filed. Next, plaintiff had 21 days from defendant filing its Motion to Dismiss within which to unilaterally amend its Complaint and eliminate causes of action it believed were no longer viable. Rule 15(a) provides as follows:

> A party may amend its pleading once as a matter of course within:
> ***
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1)(B). Finally, had plaintiff been unprepared to move this action forward at the time it responded, it could have unilaterally dismissed the entire action without prejudice inasmuch as defendant had not answered the Complaint at that time. Fed.R.Civ.P. 41(a)(1)(A)(i).[1] In either case, permission of the court was not necessary as plaintiff could have acted unilaterally.

By choosing to respond to the motion rather than taking unilateral action allowed by the rules, plaintiff has handed-off the decision to the court, which must

---

[1] Indeed, this option *remains* viable until defendant answers or moves for summary judgment. Id.

not only determine whether the claims are plausible under Rule 12(b)(6), but whether to exercise its discretion and allow such dismissal to be without prejudice. The court is somewhat hamstrung in this task as plaintiff has cited no authority in support of its request.

The first inquiry starts with recent decision of the Supreme Court. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley v. Gibson, 355 U.S. 41 (1957), only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in its complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not

8

survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley v. Gibson, supra (providing the "no set of facts" standard) was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a

9

complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

In this case, defendants are entitled to the relief they seek as plaintiff has conceded the motion by stating that it does not oppose dismissal of its claims and by not otherwise showing how its claims are plausible under Rule 12(b)(6). As to

whether such dismissal should be without prejudice, the undersigned finds that dismissal with prejudice is preferable as it allows plaintiff, who put such claims into play by asserting them in its Complaint, an opportunity to seek relief under Rule 60(b) if it discovers evidence (by whatever means) that would support such claim, while at the same time satisfying the court's interest in finality, the avoidance of piecemeal litigation, and avoiding the end-run around <u>Twombly</u> and <u>Iqbal</u> defendant suggests in its Reply.[2]

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#11) be **ALLOWED**, and that plaintiff's Second and Third Causes of Action be **DISMISSED** with prejudice.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be

---

[2] The court makes no advance decision on whether information related to such dismissed claims (if the district court, in its sound discretion, dismisses such claims) will be discoverable in this action, but notes that such will be governed by Rule 26(b)'s requirement that discovery sought must be "relevant to any party's claim ...." Fed.R.Civ.P. 26(b)(1).

filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 25, 2011

Dennis L. Howell
United States Magistrate Judge