# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv22

| | | |
|---|---|---|
| THE HAMMOCKS, LLC,<br>d/b/a Richmond Hill Inn, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | **MEMORANDUM OF DECISION** <br> **AND ORDER** |
| HARLEYSVILLE MUTUAL<br>INSURANCE COMPANY, | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to

Dismiss [Doc. 11]; the Magistrate Judge's Memorandum and

Recommendation [Doc. 17] regarding the disposition of said motion; and

the Plaintiff's Objection to the Memorandum and Recommendation [Doc.

18].

## I. PROCEDURAL AND FACTUAL BACKGROUND

Since October 2005, the Plaintiff has owned certain real property in

Buncombe County, North Carolina known as the Richmond Hill Inn. [Doc.

9-1 at ¶6]. The Plaintiff maintained and used the Richmond Hill Inn

property, consisting of a building commonly known as "the Mansion" and

other buildings, to conduct a hotel or inn business.  [Id. at ¶7].  In October

2008, the Defendant issued a policy of commercial property insurance to

the Plaintiff with a stated policy period of October 19, 2008 to October 19,

2009 ("the Policy").  [Id. at ¶8].  On or about March 19, 2009, the Mansion

and certain personal property sustained damage as a result of a fire.  [Id. at

¶12].  Thereafter, the Plaintiff notified the Defendant of the fire and the

resulting losses.  [Id. at ¶13].

On March 25, 2009, the Plaintiff sought bankruptcy protection from

the United States Bankruptcy Court for the Western District of North

Carolina by filing a voluntary petition for bankruptcy pursuant to Chapter 11

of the United States Bankruptcy Code.  [Id. at ¶14].  Thereafter, on May 29,

2009, the Plaintiff submitted to the Defendant a Sworn Statement in Proof

of Loss, which provided sworn testimony regarding the fire loss claim.

[See Doc. 10 at ¶17].  On June 10 and 11, 2009, Dr. William Gray, a

member and acting representative of the Plaintiff, submitted to an

examination under oath by the Defendant's attorneys.  [Id. at ¶19].

On October 11, 2009, the Defendant sought relief from the

bankruptcy stay to pursue an action against the Plaintiff for a declaration

that the Policy did not provide coverage for the Plaintiff's fire loss.  [Id. at

¶21].  The Bankruptcy Court denied the Defendant's motion for relief from

the stay.  The Plaintiff then initiated the present action as an adversary

proceeding in the Bankruptcy Court.  This Court withdrew the reference of

this matter [Doc. 5], and pursuant to this Court's Order, the Plaintiff then

filed its Complaint in this Court.  [See Docs. 8, 10].  In its Complaint, the

Plaintiff asserts three causes of action against the Defendant: a claim for

breach of contract (first cause of action), a claim for bad faith refusal to

settle an insurance claim (second cause of action), and a claim for unfair

and deceptive trade practices (third cause of action).

The Defendant then moved to dismiss the Plaintiff's second and third

causes of action.  [Doc. 11].  In response, the Plaintiff effectively conceded

the motion to dismiss but asked for the dismissal to be without prejudice in

the event that facts are later discovered that would support the dismissed

claims.  [Docs. 15].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of

Designation of this Court, the Honorable Dennis L. Howell, United States

Magistrate Judge, was designated to consider the Defendant's Motion to

Dismiss and to submit a recommendation for its disposition.  On January

25, 2011, the Magistrate Judge entered a Memorandum and

Recommendation in which he recommended that the Motion to Dismiss be

granted and that the Plaintiff's second and third causes of action be

dismissed with prejudice.  [Doc. 17].  The Plaintiff timely filed an Objection

to the Memorandum and Recommendation [Doc. 18].  While not opposing

dismissal of these causes of action, the Plaintiff does object to the

Magistrate Judge's recommendation that such dismissal be with prejudice.

[Id.].  The Defendant has responded to the Plaintiff's Objection, urging the

Court to adopt the Magistrate Judge's Recommendation in its entirety [Doc.

19].

Having been fully briefed, this matter is now ripe for disposition.

## II.    STANDARD OF REVIEW

### A.    Standard of Review Applicable to Objections to Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de*

*novo* determination of those portions of the report or specific proposed

findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  In order "to preserve for appeal an issue in a magistrate judge's

report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the

true ground for the objection."  United States v. Midgette, 478 F.3d 616,

622 (4th Cir. 2007).  The Court is not required to review, under a *de novo*

or any other standard, the factual or legal conclusions of the magistrate

judge to which no objections have been raised.  Thomas v. Arn, 474 U.S.

140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Additionally, the Court

need not conduct a *de novo* review where a party makes only "general and

conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations."  <u>Orpiano v.

Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).

## B. Rule 12(b)(6) Standard of Review

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S.Ct.

1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>,

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To be

"plausible on its face," a plaintiff must demonstrate more than "a sheer

possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 129 S.Ct. at 1949.

> [T]he Supreme Court has held that a complaint must
> contain "more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of
> action will not do."  To discount such unadorned
> conclusory allegations, "a court considering a motion
> to dismiss can choose to begin by identifying
> pleadings that, because they are not more than
> conclusions, are not entitled to the assumption of
> truth."  This approach recognizes that "naked
> assertions" of wrongdoing necessitate some "factual
> enhancement" within the complaint to cross "the line
> between possibility and plausibility of entitlement to
> relief."

5

> At bottom, determining whether a complaint states on
> its face a plausible claim for relief and therefore can
> survive a Rule 12(b)(6) motion will "be a context-
> specific task that requires the reviewing court to draw
> on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged – but it has not 'show[n]' –
> 'that the pleader is entitled to relief,'" as required by
> Rule 8. ... [E]ven though Rule 8 "marks a notable and
> generous departure from the hyper-technical,
> codepleading regime of a prior era, ... it does not
> unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions."

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly,

550 U.S. at 555, 557, 127 S.Ct. 1955 and Iqbal, 129 S.Ct. at 1950).

## III. DISCUSSION

Unless the district court specifically holds otherwise, a dismissal

pursuant to Federal Rule of Civil Procedure 12(b)(6) is with prejudice. See

Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a

dismissal under this subdivision (b) and any dismissal not under this rule --

except one for lack of jurisdiction, improper venue, or failure to join a party

under Rule 19 -- operates as an adjudication on the merits."). The

determination of whether a dismissal should be with or without prejudice is

a matter within the sound discretion of the district court. See Payne v.

Brake, 439 F.3d 198, 204 (4th Cir. 2006).

The Plaintiff concedes that dismissal of the second and third causes of action would be proper, and it has made no effort to demonstrate that these claims have any plausible basis in fact.  Indeed, as the Magistrate Judge noted, the Plaintiff in responding to the motion to dismiss presented "no forecast of evidence that plaintiff believes it will likely uncover during the discovery process that would make its claims plausible."  [Doc. 17 at 5]. The Plaintiff makes no objection to the Magistrate Judge's conclusion in this regard.

Nevertheless, the Plaintiff contends that dismissal of its bad faith and unfair and deceptive trade practice claims should be without prejudice so that it may renew such claims "in the event the Plaintiff develops facts further supporting such claims through discovery in this action."  [Doc. 18 at 2].  The Plaintiff's argument, however, is completely antithetical to the teachings of the Supreme Court set forth in Twombly and Iqbal, supra. These cases make clear that a plaintiff first must assert a *plausible* claim before being permitted to use the invasive and costly tools of discovery. See Twombly, 550 U.S. at 558, 127 S.Ct. 1955 ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief 'this basic deficiency should . . . be exposed at the point of minimum expenditure or time and money by the parties and the court'"); Iqbal, 129

7

S.Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

In its Objection, the Plaintiff appears to suggests that a dismissal without prejudice would somehow permit the Plaintiff to engage in discovery in an effort to uncover facts to support the subsequent renewal of its dismissed claims. The dismissal of these claims without prejudice, however, would have no impact on the scope of allowable discovery in this action. Rule 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Regardless of whether these claims are dismissed without prejudice, the Plaintiff will be limited to pursuing the discovery of matters relevant to its breach of contract claim. A dismissal without prejudice would not entitle the Plaintiff to pursue discovery solely in an effort to revive its previously dismissed and implausible claims.

For the reasons stated in the Magistrate Judge's Memorandum and Recommendation, the Court will, in the exercise of its sound discretion, dismiss the Plaintiff's second and third causes of action with prejudice.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the

Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Memorandum and Recommendation of the Magistrate Judge [Doc. 18] is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 17] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 11] is **GRANTED**, and the second and third causes of action set forth in the Plaintiff's Complaint are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant shall file an answer to the Plaintiff's Complaint within twenty-one (21) days from the entry of this Order.

**IT IS SO ORDERED.**

Signed: August 3, 2011

Martin Reidinger
United States District Judge